42 So.2d 339

### TIPTON v. HUGHES.

8 Div. 491.

Supreme Court of Alabama.

Oct. 13, 1949.

Proctor & Snodgrass, of Scottsboro, for appellant.

H. G. Bailey, of Boaz, for appellee.

BROWN, Justice.

This is a bill filed by the appellee Mrs. Nannie Hughes as the grantee of J. D. Shavers, deceased, seeking to protect and enforce the equity of redemption in certain lands covered by a mortgage executed by said Shavers to the respondent Dewey Tipton, appellant, on the 23d day of January, 1947. The mortgage was executed ex facie to secure an indebtedness evidenced by a promissory note for $700 executed by said Shavers to Tipton on the same date as the mortgage and due and payable on the 23d of January, 1948.

The controversy between the parties is one of fact, the contention of the complainant-appellee being that said mortgage and note were given by Shavers to Tipton for a loan of $700 and that only $400 was advanced at the time the mortgage and note were delivered, accompanied by a promise of the mortgagee to advance the balance of $300 later, which he failed to do.

The contention of the defendant, appellant here, is that Shavers made application to Tipton for a loan of $400 with the understanding that Shavers would embrace in said mortgage an existing indebtedness of $300 for previous loans made by him to Shavers without security.

The learned trial court sustained the contention of appellee and fixed the amount of the indebtedness at $400 and the interest thereon.

The testimony in this case was taken by deposition before the register. After due and full consideration of the legal and competent evidence in the case we are impelled to the conclusion that the trial court erred in the stated conclusion as to the amount of the indebtedness.

■■ The note and mortgage executed by Shavers made a prima facie case for the defendant and this shifted the burden to the complainant to go forward with sufficient competent evidence to sustain her contention and this she failed to do. On the other hand the defendant offered competent evidence showing that he had advanced to said Shavers prior to the execution of the mortgage a total sum of $287, which he had not repaid, and this sum with interest would exceed $300.

The decree of the circuit court is corrected by substituting $700 in said decree in lieu of $400 as the necessary sum with interest thereon to effect redemption of the mortgaged property. As so corrected the decree will be affirmed, the appellee to pay the costs of the appeal incurred in the trial court and in this court.

Corrected and affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.